IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADAM BROWN, on Behalf of Himself and All Others Similarly Situated, *Plaintiffs*, | § § § § § | |
| v. | § § | No. 1:23-cv-00374 |
| LEARFIELD COMMUNICATIONS, LLC, SIDEARM SPORTS, LLC, THE UNIVERSITY OF TEXAS AT AUSTIN, AND THE UNIVERSITY OF TEXAS AT AUSTIN ATHLETICS, *Defendants*. | § § § § § § § § § | |

---

**THE UNIVERSITY OF TEXAS AT AUSTIN'S AND THE UNIVERSITY OF TEXAS AT AUSTIN ATHLETICS' MOTION TO DISMISS**

---

JOHN SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

TODD A. DICKERSON
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 24118368
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Todd.Dickerson@oag.texas.gov

**COUNSEL FOR DEFENDANTS THE UNIVERSITY OF TEXAS AT AUSTIN AND THE UNIVERSITY OF TEXAS AT AUSTIN ATHLETICS**

# TABLE OF CONTENTS

Table of Contents ...................................................................................................... ii
Table of Authorities ................................................................................................. iii
Introduction ............................................................................................................... 1
Standard of Review .................................................................................................. 1
Background ............................................................................................................... 2
Argument ................................................................................................................... 3
Conclusion ................................................................................................................. 9
Certificate of Service ............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Cooper*,
   140 S. Ct. 994 (2020) ................................................................................ 3

*Barrera-Montenegro v. U.S. & Drug Enf't Admin.*,
   74 F.3d 657 (5th Cir. 1996) ....................................................................... 2

*Barrie v. Nueces Cty. District Attorney's Office*,
   753 F. App'x 260 (5th Cir. 2018) ............................................................... 4

*Block v. Texas Bd. of Law Examiners*,
   952 F.3d 613 (5th Cir. 2020) ..................................................................... 1

*Canada Hockey, L.L.C. v. Tex. A&M Univ. Athletic Dep't.*,
   No. 20-20503, 2022 WL 445172 (5th Cir. Feb. 14, 2022) ............................... passim

*Chhim v. Univ. of Tex. at Austin*,
   836 F.3d 467 (5th Cir. 2016) ..................................................................... 6

*City of Austin v. Paxton*,
   943 F.3d 993 (5th Cir. 2019) ..................................................................... 3

*Combs v. City of Dallas*,
   289 F. App'x 684 (5th Cir. 2008) ............................................................... 4

*Corn v. Mississippi Dep't of Pub. Safety*,
   954 F.3d 268 (5th Cir. 2020) ..................................................................... 3

*Crull v. City of New Braunfels, Tex.*,
   267 F. App'x. 338 (5th Cir. 2008) ............................................................... 4

*Darby v. Pasadena Police Dept.*,
   939 F.2d 311 (5th Cir. 1991) .................................................................. 4, 5

*Escamilla v. Elliott*,
   816 F. App'x. 919 (5th Cir. 2020) ............................................................... 5

*Fite v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
   No. 12-cv-3739, 2013 WL 3338587 (S.D. Tex. July 2, 2013) ............................ 5

*Hebrew v. Gonzalez*,
   No. 21-20585, 2022 WL 1316214 (5th Cir. 2022) ......................................... 4

*MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*,
   957 F.2d 178 (5th Cir. 1992) ..................................................................... 2

*Moore v. Bryant*,
   853 F.3d 245 (5th Cir. 2017) ..................................................................... 1

*Perry v. Texas A&I Univ.*,
   737 S.W.2d 106 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd
   n.r.e.) .................................................................................................................... 6

*Richie v. Wharton Cty. Sheriff Dep't Star Team*,
   513 F. App'x 382 (5th Cir. 2013) ........................................................................ 4

*Saenz v. Univ. Interscholastic League*,
   487 F.2d 1026 (5th Cir. 1973) ............................................................................. 6

*Sissom v. Univ. of Texas High Sch.*,
   927 F.3d 343 (5th Cir. 2019) ........................................................................... 3, 6

*Somers v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
   No. 4:19-CV-390, 2019 WL 13055095 (S.D. Tex. June 28, 2019) .................... 6

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*,
   458 F.3d 1335 (Fed. Cir. 2006) ........................................................................... 5

*United States ex rel. King v. Univ. of Tex. Health Sci. Ctr.–Houston*,
   544 F. App'x 490 (5th Cir. 2013) ........................................................................ 6

*United States v. Walker*,
   302 F.3d 322 (5th Cir. 2002) ............................................................................... 5

*Williams v. Dallas Area Rapid Transit*,
   242 F.3d 315 (5th Cir. 2001) ............................................................................... 5

**Statutes**

18 U.S.C § 2710 .................................................................................................. 1, 2, 3

Tex. Educ. Code § 51.002(a)(2) ................................................................................ 9

Tex. Educ. Code § 51.002(a)(5) ................................................................................ 9

**Other Authorities**

*Appendix B: Official Extracurricular Student Activities*, UT AUSTIN ......................... 8

*Rule 10501, Rule 2.1: Delegation to Act on Behalf of the Board*, THE
   UNIVERSITY OF TEXAS SYSTEM ............................................................................ 8

*Rule 10501, Rule 2.2.12: Delegation to Act on Behalf of the Board*, THE
   UNIVERSITY OF TEXAS SYSTEM ............................................................................ 8

*Rule 20206: Intercollegiate Athletics*, THE UNIVERSITY OF TEXAS SYSTEM ................ 9

*Student-Athlete Resource Guide*, UT AUSTIN .............................................................. 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 1

## INTRODUCTION

Adam Brown claims The University of Texas at Austin ("UT Austin") and The University of Texas at Austin Athletics ("UT Austin Athletics," collectively, the "UT Defendants") unlawfully disclosed his personal information in violation of the Video Privacy Protection Act ("VPPA"). Brown's claims against the UT Defendants are barred by sovereign immunity for three reasons.

First, Brown does not contend and cannot show that the UT Defendants waived their sovereign immunity. And the VPPA contains no explicit abrogation of sovereign immunity.

Second, the Fifth Circuit has confirmed that UT Austin is a state agency that is "inarguably" protected by sovereign immunity. Being a department of UT Austin without any separate legal status, UT Austin Athletics is not a jural entity subject to a lawsuit. Thus, it retains sovereign immunity to the same extent as UT Austin.

Third, if there were any doubt about UT Austin Athletics' position as a department of UT Austin without separate legal status, it would also qualify as an "arm of the state" pursuant to Fifth Circuit caselaw. Thus, UT Austin Athletics would be entitled to sovereign immunity pursuant to an arm-of-the-state analysis.

## STANDARD OF REVIEW

Sovereign immunity issues concern whether a court has subject matter jurisdiction over the dispute and are subject to a Fed. R. Civ. P. 12(b)(1) motion to dismiss.[1] In deciding such a motion, a court is free to weigh the evidence to ensure

---

[1] *See, e.g.*, *Block v. Texas Bd. of Law Examiners*, 952 F.3d 613, 616–17 (5th Cir. 2020); *Moore v. Bryant*, 853 F.3d 245, 248–49 (5th Cir. 2017).

1

that it has power over the case.[2] A court may rely on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts.[3]

### BACKGROUND

Brown alleges that he watched pre-recorded video content on a UT Austin website and that his personal information was unlawfully shared with Facebook in violation of the VPPA.[4] Brown brought a VPPA claim for damages and other relief on behalf of himself and an alleged class of similarly situated individuals.[5]

Brown asserts that Learfield Communications, LLC and Sidearm Sports, LLC (the "Operator Defendants"), "develop[ed]," "operate[d]," and "own[ed]" the UT Austin website in question and that they "effectively retain[ed] complete control" of this website.[6] Brown claims the Operator Defendants impermissibly tracked data of visitors to certain UT Austin websites using a device known as "Facebook Pixel."[7] It is unclear what Brown believes the UT Defendants did wrong and why he joined them as Defendants to this suit.

Brown alleges that the UT Defendants are state entities. He admits that UT Austin "is a Texas public university."[8] And he notes that UT Austin Athletics is an

---

[2] *MDPhysicians & Assoc., Inc.* v. *State Bd. of I*ns., 957 F.2d 178, 181 (5th Cir. 1992).
[3] *Barrera-Montenegro* v. *U.S. & Drug Enf't Admin.*, 74 F.3d 657, 659 (5th Cir. 1996).
[4] ECF 1, ¶ 15.
[5] *Id.* at ¶¶ 121–45.
[6] *Id.* at ¶¶ 17, 52.
[7] *See, e.g., id.* at ¶ 53.
[8] *Id.* at ¶ 18.

2

entity that "administers and funds UT's athletics programs."[9] Yet he does not identify any potential sovereign immunity waiver in his complaint.[10] And he does not meaningfully explain why he believes UT Austin Athletics is a jural entity capable of being sued independently from UT Austin.[11]

## **ARGUMENT**

"The Eleventh Amendment bars federal suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."[12] A "clear abrogation" is found only when Congress "enacted unequivocal statutory language abrogating the States' immunity from the suit."[13] Here, Brown's claims are barred by the UT Defendants' sovereign immunity. Three reasons support this conclusion.

First, Brown has not alleged or shown that the UT Defendants waived their sovereign immunity. And the VPPA contains no explicit abrogation of sovereign immunity.[14]

Second, in *Sissom v. Univ. of Texas High Sch.*, the Fifth Circuit said: "The University of Texas at Austin is inarguably a state agency that is entitled to sovereign immunity."[15] Thus, UT Austin has sovereign immunity under binding precedent.

Likewise, UT Austin's sovereign immunity bars the claims against UT Austin

---

[9] *Id.* at ¶ 19.
[10] *See generally id.*
[11] *See id.* at ¶ 19.
[12] *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020).
[13] *Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020) (quotations omitted).
[14] *See* 18 U.S.C. § 2710. Brown also did not plead a viable *Ex parte Young* claim, as this exception to sovereign immunity only applies to suits against state officials in their official capacity, not against state entities themselves. *See City of Austin v. Paxton*, 943 F.3d 993, 1004 (5th Cir. 2019).
[15] 927 F.3d 343, 347–48 (5th Cir. 2019) (quotations and citation omitted).

Athletics as the athletic department lacks jural authority to be sued and has no existence independent of the university. In *Darby v. Pasadena Police Dept.*, the Fifth Circuit held that the Pasadena Police Department could not be sued because it was not "an independent legal entity" separate from the City of Pasadena.[16] The Court explained, "our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."[17] Since *Darby*, the Fifth Circuit has repeatedly held that, in order to be amenable to suit, a department or sub-unit of a larger entity must have a separate legal existence from that larger entity.[18] Here, UT Austin Athletics, a department of UT Austin, has no legal existence separate from the university itself. As UT Austin is inarguably entitled to sovereign immunity, UT Austin Athletics is as well.

In the unpublished *Canada Hockey, L.L.C. v. Tex. A&M Univ. Athletic Dep't.* decision, the Fifth Circuit acknowledged that the "parties [did] not dispute that the [Texas A&M] Athletic Department lacks jural authority to be sued," but nevertheless proceeded to an arm-of-the-state analysis.[19] As discussed below, UT Austin Athletics easily satisfies that arm-of-the-state test, just as Texas A&M's Athletic Department

---

[16] 939 F.2d 311, 315 (5th Cir. 1991).
[17] *Id.* at 313.
[18] *See, e.g.*, *Crull v. City of New Braunfels, Tex.*, 267 F. App'x. 338, 341–42 (5th Cir. 2008) (affirming dismissal of police department because they lack a separate existence from the city); *Combs v. City of Dallas*, 289 F. App'x 684, 686 (5th Cir. 2008) (same); *Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. 2022) (sheriff's office lacked separate legal existence from the county); *Richie v. Wharton Cty. Sheriff Dep't Star Team*, 513 F. App'x 382, 385 (5th Cir. 2013) (same); *Barrie v. Nueces Cty. District Attorney's Office*, 753 F. App'x 260, 263–64 (5th Cir. 2018) (DA's office lacked separate legal existence from the county).
[19] No. 20-20503, 2022 WL 445172, at *3-4 (5th Cir. Feb. 14, 2022).

4

did, but it is not necessary for this Court to proceed to that analysis. This is because *Canada Hockey* could not overturn *Darby* and its progeny under well-settled principles governing the rule of orderliness.[20]

Moreover, the *Canada Hockey* court stated that it was proceeding to the arm-of-the-state analysis to be consistent with the approach in *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315 (5th Cir. 2001), but there the entity being evaluated (Dallas Area Rapid Transit) was an independent regional transportation authority—unconnected to a state agency such as the Department of Transportation—and the court held that it had no definitive status under Texas law. That is not the case here, where UT Austin Athletics is a department of an entity—UT Austin—that is indisputably a state agency. For these reasons, this Court should follow *Darby*, find that UT Austin Athletics has no existence independent from UT Austin itself, and dismiss Brown's claims against UT Austin Athletics on sovereign immunity grounds.

Third, while it is legally unnecessary to proceed to this step, if the Court were to conduct an arm-of-the-state analysis, it should have little trouble concluding that UT Austin Athletics is entitled to sovereign immunity. The Fifth Circuit and other courts have repeatedly determined that The University of Texas System,[21] its

---

[20] *See, e.g.*, *United States v. Walker*, 302 F.3d 322, 325 (5th Cir. 2002) ("[O]ne panel may not overrule a prior panel opinion and the earlier precedent controls."); *Escamilla v. Elliott*, 816 F. App'x. 919, 924 n.8 (5th Cir. 2020) (noting that unpublished opinions "do[] not constitute controlling precedent under our rule of orderliness").

[21] *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1340 (Fed. Cir. 2006); *Fite v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, No. 12-cv-3739, 2013 WL 3338587, at *2 (S.D. Tex. July 2, 2013).

component institutions, including UT Austin,[22] and sub-units[23] within UT Austin are entitled to sovereign immunity as arms of the State of Texas.

The fact that this case involves a university's athletic department does not change that outcome, as the Fifth Circuit found in *Canada Hockey*. There, the court applied the six-factor arm-of-the-state analysis and held that the Texas A&M Athletics Department had sovereign immunity to the same extent as Texas A&M.[24] *Canada Hockey's* arm-of-the-state analysis, and how the six relevant factors apply here, is addressed below.

*Factor #1: Whether State Statutes and Caselaw View the Agency as an Arm of the State.* The Fifth Circuit noted that there is no "statute, case, or Texas Attorney General opinion relevant to any athletic department of a state university."[25] Rather, the Court likened Texas A&M Athletics to an "'auxiliary enterprise" and found that the first factor supports sovereign immunity: "Since an athletic department of a state-supported university is like an auxiliary enterprise, the Athletic Department is similarly an extension of [Texas A&M] and thus an arm of the state."[26]

---

[22] *See, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (UT Austin is entitled to sovereign immunity); *United States ex rel. King v. Univ. of Tex. Health Sci. Ctr.–Houston*, 544 F. App'x 490, 495 (5th Cir. 2013) (UT Health Center is an arm of the state); *Somers v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, No. 4:19-CV-390, 2019 WL 13055095, at *2 (S.D. Tex. June 28, 2019) (MD Anderson is an arm of the state); *Perry v. Texas A&I Univ.*, 737 S.W.2d 106, 108 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd n.r.e.) ("Branches of the University of Texas and other state universities are agencies of the State and thus are entitled to the same governmental immunity from suit or liability as the State of Texas.").
[23] *Sissom,* 927 F.3d at 348 ("It follows that UT High School, as a department within the University of Texas at Austin, is also an instrumentality of the State of Texas."); *see also Saenz v. Univ. Interscholastic League*, 487 F.2d 1026, 1027-28 (5th Cir. 1973) (Holding that the University Interscholastic League, an entity administered by UT Austin, "constitutes a governmental entity outside the ambit of the Sherman Act").
[24] *Canada Hockey, L.L.C,* 2022 WL 445172, at *3–6.
[25] *Id.* at *4.
[26] *Id.*

The same analysis holds here; UT Austin Athletics is merely an extension of UT Austin, and no legal precedent holds otherwise. Thus, the first factor supports UT Austin Athletics.

*Factor #2: Source of Funds.* This issue turns on whether the plaintiff, who bears the burden of proof on the issue, can demonstrate "that the Athletic Department will be responsible for its judgment and debts, not the State."[27] Showing that an entity's funding is private is not enough.[28] In *Canada Hockey*, the second factor supported a granting of sovereign immunity as the plaintiffs failed to show that Texas A&M Athletics would be responsible for its judgment and debt.[29]

Brown will not be able to show that UT Austin Athletics is responsible for its judgment and debts. Thus, the second favor favors granting sovereign immunity, just like it did in *Canada Hockey*.

*Factor #3: Degree of Autonomy.* In *Canada Hockey*, the Fifth Circuit found that Texas A&M Athletics was "a department within, and governed by, [Texas A&M]."[30] The Fifth Circuit found the following facts relevant: (1) the Athletics Director reported to Texas A&M's President and (2) Texas A&M's Board of Regents issued policies showing at least some degree of control over Texas A&M Athletics.[31] Thus, the Court found that the third factor favored Texas A&M Athletics.

Here, UT Austin's website confirms that the Athletics Department "reports to

---

[27] *Id.* at *5.
[28] *See id.* ("Though we consider the source of general operating funds for the entity, because a principal goal of the Eleventh Amendment is to protect state treasuries, the most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds.").
[29] *Id.*
[30] *Id.*
[31] *Id.*

7

[UT Austin's] president."[32] And UT Austin's Board of Regents has issued policies controlling UT Austin Athletics.[33] Thus, the third factor favors UT Austin Athletics.

*Factor #4: Scope of the Problem.* This factor turns on whether the entity in question "is concerned primarily with local, as opposed to statewide, problems."[34] *Canada Hockey* found this factor met as (1) "anyone who plays a sport managed by the Athletics Department is a student of [Texas A&M]" and (2) "the Athletic Department engages in intercollegiate athletics—i.e., competes with other schools—and derives financial support from students, alumni, and fans throughout Texas."[35]

The same holds true here. Only UT Austin students can play on teams managed by UT Austin Athletics.[36] And UT Austin Athletics competes with other schools and derives financial support from students, alumni, and fans.[37] Thus, the fourth factor favors UT Austin Athletics.

*Factor #5: Ability to Sue and be Sued in its Own Name.* The *Canada Hockey* court found this factor to favor sovereign immunity when "neither party point[ed] to

---

[32] *Appendix B: Official Extracurricular Student Activities*, UT AUSTIN, https://tinyurl.com/sjxzu8yw.
[33] *See, e.g.*, Rule 20206: Intercollegiate Athletics (noting the Board's oversight over UT Austin's athletics program and that UT Austin's president "is assigned ultimate responsibility and authority for the operation, fiscal integrity, and personnel of the institution's athletics program"); Rule 10501, Rule 2.1 ("All authority to execute and deliver contracts, agreements, and other documents is subject to these Rules and Regulations . . . ."); *see also id.* at Rule 2.2.12 (placing certain restrictions on contracts with athletics directors and coaches). All UT Austin Board of Regents rules and regulations are publicly available at the following website: https://tinyurl.com/mwwaawvp.
[34] *Canada Hockey, L.L.C.*, 2022 WL 445172, at *4.
[35] *Id.* at *5.
[36] *See Student-Athlete Resource Guide*, UT AUSTIN ("To receive financial aid and practice during the academic year, students must be enrolled full-time . . . . To be eligible to represent Texas in competition, students must meet progress toward degree benchmarks based on full-time semesters of enrollment."), https://tinyurl.com/2s4vu5m6.
[37] *See 2023 Football Schedule*, https://tinyurl.com/yrmsaace; *Online Tickets Home*, https://tinyurl.com/3hbsvvt7; *Make a Donation*, https://tinyurl.com/4ujzvn8v.

a case in which the department was a named party in a lawsuit."[38]

Here, there are seemingly no cases in which UT Austin Athletics has sued or been sued in its own name. Thus, this factor favors UT Austin Athletics.

*Factor #6: Right to Hold and Use Property.* The *Canada Hockey* court found that this factor supported Texas A&M Athletics as (1) the governing board of regents controls all "receipts from school athletics activities" under Tex. Educ. Code § 51.002(a)(5) and (2) "[t]he Athletic Department does not own or purchase real property, and any real property used by the Athletic Department is managed by the Board of Regents."[39]

The same applies here. UT Austin's Board of Regents controls all receipts from school activities under Tex. Educ. Code § 51.002(a)(5). And UT Austin Regents' Rule 20206 states that the Board provides "oversight and broad policy guidelines" for the "budget" and "operation activities" of the "intercollegiate athletics program."[40] Put simply, UT Austin Athletics has no right to hold and use property independent of that from UT Austin itself. Thus, the sixth factor favors UT Austin Athletics.

In sum, all six arm-of-the-state factors favor UT Austin Athletics. This Court should follow *Canada Hockey* arm-of-the-state analysis and find that UT Austin Athletics is entitled to sovereign immunity to the same extent as UT Austin.

## CONCLUSION

This Court should grant UT Defendants' motion and dismiss all claims against

---

[38] *Canada Hockey, L.L.C.*, 2022 WL 445172, at *6.
[39] *Id.*
[40] *Rule 20206: Intercollegiate Athletics*, THE UNIVERSITY OF TEXAS SYSTEM, https://tinyurl.com/4dchurz7.

9

them for a lack of subject matter jurisdiction.

Date: June 2, 2023

Respectfully Submitted.

JOHN SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

*/s/ Todd Dickerson*
TODD A. DICKERSON
Attorney-in-Charge
Texas Bar No. 24118368
Todd.Dickerson@oag.texas.gov
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548-Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
**COUNSEL FOR THE UNIVERSITY OF TEXAS AT AUSTIN AND THE UNIVERSITY OF TEXAS AT AUSTIN ATHLETICS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2023, a true and correct copy of the foregoing instrument has been served electronically on all parties of record through the electronic-filing manager.

      */s/ Todd Dickerson*