UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ADAM BROWN, on behalf of himself and all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>LEARFIELD COMMUNICATIONS, LLC *et al.*,<br><br>        *Defendants*. | Case No. 1:23-cv-00374-DAE<br><br>Hon. David A. Ezra |

## UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), 28 U.S.C. § 2403(a), and in accordance with the authorization of the Solicitor General of the United States, the United States of America hereby intervenes in this case for the limited purpose of defending the constitutionality of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710.

Plaintiff filed a complaint against Learfield Communications, LLC and Sidearm Sports, LLC (collectively "Learfield") and The University of Texas at Austin and The University of Texas at Austin Athletics (collectively "UT Defendants") on April 3, 2022. Compl., ECF No. 1. On June 2, 2023, the UT Defendants moved to dismiss Plaintiff's claims against them as barred by sovereign immunity. ECF No. 21. On June 9, 2023, Learfield moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1), (6), and (7), raising statutory and constitutional arguments. Mot. to Dismiss, ECF No. 24. Learfield filed a notice of constitutional challenge pursuant to Federal Rule of Civil Procedure 5.1, explaining that its motion to dismiss "questions the constitutionality of the [VPPA]" and "argue[s] that the VPPA is an unconstitutional

1

restraint on speech in violation of the First Amendment of the United States Constitution." ECF No. 23.

On July 26, 2023, the Court granted the UT Defendants' Motion to Dismiss Plaintiff's Complaint as to the UT Defendants. ECF No. 37. On July 27, 2023, the Court entered an order extending the United States' deadline to intervene to September 20, 2023. ECF No. 28. Learfield filed an Amended Motion to Dismiss on August 6, 2023. ECF No. 39.

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and relevant statutes. Rule 5.1(c) permits the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute is challenged. Federal Rule of Civil Procedure 24 permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." FED. R. CIV. P. 24(a)(1). The United States has an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of an Act of Congress affecting the public interest is drawn in question." 28 U.S.C. § 2403(a). In such an action, "the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality." *Id*. Accordingly, the United States hereby provides notice of intervention in this matter for the limited purpose of defending the VPPA's constitutionality. Accompanying this notice is the United States' memorandum in support of the constitutionality of the VPPA.

Date: September 20, 2023

                    Respectfully submitted,

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant Attorney General
                    Civil Division

                    LESLEY FARBY
                    Assistant Branch Director
                    Civil Division, Federal Programs Branch

/s/ *Bonnie E. Devany*
BONNIE E. DEVANY
Trial Attorney (Tex. Bar No. 24131173)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 616-8101
Fax: (202) 616-8460
Email: bonnie.e.devany@usdoj.gov

*Counsel for United States*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

>*/s/ Bonnie E. Devany*
>BONNIE E. DEVANY