UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ADAM BROWN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LEARFIELD COMMUNICATIONS, LLC, SIDEARM SPORTS, LLC, UNIVERSITY OF TEXAS AT AUSTIN, and THE UNIVERSITY OF TEXAS AT AUSTIN ATHLETICS,<br><br>    Defendants. | Case No. 1:23-cv-00374-LY |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Learfield Communications, LLC and Sidearm Sports, LLC (collectively "Learfield"), by and through their undersigned counsel, hereby gives notice of the Memorandum Opinion and Order in *Kuzenski v. Uproxx LLC*, No. 223CV00945WLHAGR, 2023 WL 8251590, at *1 (C.D. Cal. Nov. 27, 2023) (Hsu, J.) (attached hereto as Exhibit 1), which supports the arguments Learfield makes in its pending Motion to Dismiss (Doc. 39 at 7-8) and which was issued after briefing on the Motion to Dismiss closed.

In *Kuzenski*, the Court granted defendant's motion to dismiss a VPPA claim where the Court found that the complaint did not plausibly allege that plaintiffs' subscriptions to defendant's newsletter made them "subscribers" under the VPPA, and therefore failed to allege that plaintiffs were in a category of persons eligible to bring a claim under the VPPA. The *Kuzenski* Court reasoned that:

4854-1922-1140.1

> Plaintiff alleges that he became a "subscriber" as defined under the VPPA of Defendant's Website because he signed up for an account and received several benefits including a unique user profile with a custom avatar, the ability to interact and communicate with other subscribers, earn website specific badges and rewards, and receive "recurring emails from Defendant with links to articles and videos published to the Website.
>
> ***
>
> [However], these allegations are insufficient to allege that Plaintiff is a "subscriber" as defined under the VPPA [because] . . . [u]nder the Ellis factors, Plaintiff only satisfies at most two factors: registration and express association. Plaintiff does not allege that any of the other Ellis factors are present such as paying for his subscription or receiving access to exclusive video content as a result of the subscription. More importantly, Plaintiff's FAC fails to allege a factual nexus or relationship between the subscription (i.e., Website benefits) and the Defendant's allegedly actionable video content. See e.g., Gardener v. MeTV, No. 22 CV 5963, 2023 WL 4365901, at *4 (N.D. Ill. July 6, 2023) ("The Court does not agree, however, with Plaintiffs' argument that the allegations that [they] opened an account separate and apart from viewing video content on MeTV's website is sufficient to render them 'subscribers' under the Act."); see also Carter, ---- F.Supp.3d at ----, 2023 WL 3061858, at *6 (stating that "a customer's non-video transactions play no part in a defendant's liability under the VPPA")

See Exhibit 1, *Kuzenski*, 2023 WL 8251590, at *4-5.

Dated: December 6, 2023              Respectfully submitted,

                                     */s/Rachel Palmer Hooper*
                                     Rachel Palmer Hooper
                                     Texas Bar No. 24039102
                                     SDTX Federal ID No. 3737502
                                     **BAKER & HOSTETLER LLP**
                                     811 Main Street, Suite 1100
                                     Houston, TX 770002
                                     Telephone: 713.751-1600
                                     Facsimile:  713-751-1717
                                     rhooper@bakerlaw.com

                                     *Attorneys for Defendants Learfield Communications, LLC and Sidearm Sports, LLC*

4854-1922-1140.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed on December 6, 2023 with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

<u>*/s/Rachel Palmer Hooper*</u>

4854-1922-1140.1