UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ADAM BROWN, on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

LEARFIELD COMMUNICATIONS,
LLC, SIDEARM SPORTS, LLC,
UNIVERSITY OF TEXAS AT AUSTIN, and
THE UNIVERSITY OF TEXAS AT AUSTIN
ATHLETICS,

    Defendants.

Case No. 1:23-cv-00374-LY

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Learfield Communications, LLC and Sidearm Sports, LLC (collectively "Learfield"), by and through their undersigned counsel, hereby give notice of the Memorandum Opinion and Order in *Gabriella Hernandez v. The Container Store, Inc.,* No. 223CV05067HDVRAO, 2024 WL 72657 (C.D. Cal. Jan. 3, 2024) (Vera, J.) (attached hereto as Exhibit 1), which supports the arguments Learfield makes in its pending Motion to Dismiss (Doc. 39 at 6-7, 8-11) and which was issued after briefing on the Motion to Dismiss closed.

In *Hernandez,* the Court held that Plaintiff did not sufficiently allege that defendant was a "video tape service provider" under the VPPA by virtue of hosting videos on its website for marketing purposes, reasoning that:

> It is not plausible to allege, as Plaintiff does here, that Defendant is "engaged in the business" of delivering video content by including on its website "pre-recorded videos," such as the "Custom Spaces" video, that "market the products offered for sale on its website." Id. ¶¶ 4, 44–45. The Complaint fails to allege how these

"videos used for marketing purposes" are central, rather than "peripheral to Defendant's business.

The *Hernandez* Court also held that Plaintiff did not sufficiently allege she was a "consumer" under the VPPA by virtue of purchasing non audio-visual goods or services from defendant, reasoning that:

> Plaintiff does not allege that she purchased any "audio-visual goods or services" from Defendant, and indeed alleges that the "products" Defendant sells are "container products and associated goods." Id. ¶ 29. Plaintiff therefore cannot plead any "nexus" between her purchase and the "video content at issue."
>
> \*\*\*
>
> *Carter* and similar cases explain without qualification that that the term "consumer"— the umbrella term used in the VPPA's operative provision— applies only to a "renter, purchaser or subscriber of audio visual goods or services."

*Hernandez,* 2024 WL 72657 at \*2-3.

Dated: January 8, 2024

Respectfully submitted,

*/s/Rachel Palmer Hooper*
Rachel Palmer Hooper
Texas Bar No. 24039102
SDTX Federal ID No. 3737502
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, TX 770002
Telephone: 713.751-1600
Facsimile:  713-751-1717
rhooper@bakerlaw.com

Bonnie Keane DelGobbo (*pro hac vice*)
Illinois Bar No. 6309394
**BAKER & HOSTETLER LLP**
1 North Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: 312-416-8185
Facsimile: 312-416-6201
bdelgobbo@bakerlaw.com

*Attorneys for Defendants Learfield Communications, LLC and Sidearm Sports, LLC*

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was electronically filed on January 8, 2024 with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                */s/Rachel Palmer Hooper*

4854-1922-1140.1