UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ADAM BROWN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LEARFIELD COMMUNICATIONS, LLC, SIDEARM SPORTS, LLC, UNIVERSITY OF TEXAS AT AUSTIN, and THE UNIVERSITY OF TEXAS AT AUSTIN ATHLETICS,<br><br>Defendants. | Case No.: 1:23-cv-00374-DAE<br><br>Hon. David A. Ezra |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit, as supplemental authority for the Court's consideration, a recent decision denying a motion to dismiss in a case alleging violations of the Video Privacy Protection Act ("VPPA"). Attached hereto as **Exhibit A** is a copy of the decision in *Saunders v. Hearst Television, Inc.*, No. 23-cv-10998-RGS, 2024 U.S. Dist. LEXIS 5868 (D. Mass. Jan. 11, 2024) (the "Decision") in which the Court addressed several of the arguments made by Defendants in their Motion to Dismiss (*see* Dkt. No. 39), including the definition of videotape service provider ("VTSP") under the VPPA; (ii) the definition and application of "consumer" under the statute; (iii) what constitutes personally identifiable information ("PII"); and (iv) the Constitutionality of the VPPA. The *Hearst* decision sustained plaintiffs' VPPA claims and ruled favorably and in support of plaintiff Brown's allegations and claim here.

**VTSP:** The court held that Hearst, the owner of several mobile applications on which consumers can access news stories, was a video tape service provider under the VPPA. Defendant Hearst is not exclusively in the business of video services, but rather offers visitors a place to "read and watch local and national news, sports, weather, traffic, politics, and entertainment stories." Decision at *2. The court noted that "allegations that Hearst 'post[s] and deliver[s] thousands of videos'" supported the allegations that defendant is a VTSP. *Id.* at *6.

**Consumer:** Regarding the "consumer" element of the VPPA, the court found that plaintiffs are consumers under the VPPA because they provided adequate consideration to Hearst. *Id.* at *7. The consideration provided by plaintiffs in *Hearst* was information only (*e.g.*, email addresses) and did not entail monetary payment.

**PII:** In finding that the data disclosed was PII, the court stated that disclosure of plaintiffs' unique user IDs and, in some cases, their email addresses, strengthened their claims. *Id* at *8.

**Knowledge:** The court held that plaintiffs adequately pleaded knowledge under the VPPA. Hearst, according to the complaint there, "knew that it was collecting data from users that identified personalized information about them." *Id.* at *9. Defendant here, as alleged, had the requisite knowledge under the VPPA. *See* Compl. ¶¶ 9, 11, 30, 64-77.

**First Amendment:** The court held that the VPPA as alleged in the complaint was consistent with the First Amendment. Decision at *13-14.

Dated: January 17, 2024                    Respectfully submitted,

                                                                          **FOSTER YARBOROUGH PLLC**

                                                                          By: */s/ Patrick Yarborough*
                                                                          Patrick Yarborough
                                                                          Marshal J. Hoda *(pro hac vice)*
                                                                          Jeffrey Lucas Ott

        917 Franklin Street, Suite 220
        Houston, TX 77002
        Telephone: (713) 331-5254
        Facsimile: (713) 513-5202
        Email: patrick@fosteryarborough.com
        Email: marshal@fosteryarborough.com
        Email: luke@fosteryarborough.com

**LEVI & KORSINSKY, LLP**

By: */s/ Mark S. Reich*
Mark S. Reich (*pro hac vice*)
Courtney E. Maccarone*
Gary S. Ishimoto (*pro hac vice*)
33 Whitehall St., 17th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com
Email: gishimoto@zlk.com

*Counsel for Plaintiff*

\**pro hac vice* forthcoming

*Attorneys for Plaintiff Adam Brown*


## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was electronically filed on January 17, 2024, with the Clerk of Court using the CM/ECF system, which will automatically send email notifications of such filing to all attorneys of record in this case.

        */s/ Patrick Yarborough*
        PATRICK YARBOROUGH